**Kenneth Duane PORTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 03–98–00476–CR.**

Court of Appeals of Texas, Austin.

Aug. 26, 1999.

Rehearing En Banc Overruled Sept. 10, 1999.

ing defendant).

Robert A. McGlohon, Jr., San Antonio, for Appellant.

Ken Anderson, Dist. Atty., John M. Bradley, Asst. Dist. Atty., Georgetown, for State.

Before Justices JONES, B.A. SMITH, and YEAKEL.

BEA ANN SMITH, Justice.

We issue the following supplemental opinion in connection with our earlier over-ruling of the State's motion for rehearing

In our opinion of June 17, 1999, we held that the digital data contained within appellant's computer do not constitute a "reproduction of a film image" unless and until that data are used to create a visual image, presumably either on the screen of the monitor or in some "hard copy" form. We therefore reversed Porter's conviction for possession of child pornography. However, there is an additional hurdle the State has not overcome in the present case.

The relevant statute, since amended, defined "film image" to include "a photograph, slide, negative, film, or videotape, or a reproduction of any of these." Act of May 27, 1985, 69th Leg., R.S., ch. 530, § 2, 1985 Tex. Gen. Laws 2133, 2134 (Tex. Penal Code Ann. § 43.26, since amended) (current version at Tex. Penal Code Ann. § 43.26 (West Supp.1999)). It is common knowledge, however, that modern digital cameras do not use any kind of film, but record real-life images directly in digital form. If the images at issue here were stored directly in this digital form, there would never have been a "film image," as defined by the statute, for there to be a "reproduction" of. The present record contains no evidence whatsoever of how the digital data found in appellant's computer was originally produced. Accordingly, the State failed to prove that the materials possessed by appellant contained a film image, as required by the statute at the time of the charged offense.

The upshot of this case may be to demonstrate that the legislature had a very good reason for the 1997 amendments to section 43.26 of the Penal Code.